FRANK RICHARDSON v. THE STATE.

No. 2523. Decided June 11, 1913.

Rehearing denied June 27, 1913.

**1.—Bigamy—Indictment—Maiden Name.**

It is necessary in a prosecution for bigamy to state the name of the first wife and that she is then living, but it is not necessary to state her maiden name, and where the indictment followed approved precedent, there was no error. Following Morville v. State, 63 Texas Crim. Rep., 553, and other cases.

**2.—Same—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exception were not filed in the court below within ninety days after the adjournment of the court, they could not be considered on appeal.

**3.—Same—Bills of Exception—Trial Judge.**

Where the case was tried in the District Court and the bills of exception were not verified by the judge who then presided on the trial, and the statement of facts was not approved by him, they could not be considered on appeal.

**4.—Same—Rule Stated—Presiding Judge.**

It was never contemplated by our law that any person other than the judge who presided in the trial of the case should be permitted to approve bills of exception or statement of facts, unless cause is shown rendering it impossible to secure his approval.

**5.—Same—Bills of Exception—Practice on Appeal.**

Where no request is filed in the court below asking an extension of time to file bills of exception while the trial judge remained in office, no such extension can be obtained from his successor in office.

**6.—Same—Statement of Facts—Practice on Appeal.**

In the absence of a proper statement of facts approved by the judge in the trial of the case and no showing why the same was not presented and approved by him, it must be presumed that the court's charge submitted all the law applicable to the testimony.

Appeal from the District Court of Parker. Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of bigamy; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Stennis & Wilson* and *N. A. Gentry* and *Lasseter & McIlwaine,* for appellant.—On question of insufficiency of the indictment: McAfee v. State, 41 S. W. Rep., 627; Vinsant v. State, 60 S. W. Rep., 550.

*C. E. Lane,* Assistant Attorney-General, and *Bernard Martin* and *Wm. N. Bonner* and *Jouette and M. Bonner* and *J. E. Carter,* for the State.—Cited cases in opinion.

HARPER, JUDGE.—In this case appellant was prosecuted and convicted of bigamy, and his punishment assessed at four years confinement in the penitentiary.

No motion was filed to quash the indictment, but after conviction a motion in arrest of judgment was filed alleging defects in the indictment. We do not deem it necessary to discuss the grounds as this court held adversely to appellant's contention in the case of Morville v. State, 63 Texas Crim. Rep., 553. It was formerly held by this court that it was unnecessary to give the name of the legal or first wife. Watson v. State, 13 Texas Crim. App., 76. This case, however, was overruled in the case of McAfee v. State, 38 Texas Crim. Rep., 124, and it was held necessary to state the name of the first wife and that she was then living, but in no case has it ever been held that it was also necessary to state her maiden name, and as stated in the Morville case, no good reason can be stated why this should be stated.

There are a number of alleged bills of exception in the record, and an alleged statement of facts accompanies same. Very able briefs have been filed both in behalf of the State and the appellant, but there are two reasons why we can not consider the bills of exception. The first is that appellant was tried October 24, 1912. His motion for new trial was overruled on November 4, 1912, and the court adjourned for the term on the 7th day of November. The bills of exception were not filed in the court below until February 11, 1913, more than ninety days having elapsed from the adjournment of court for the term, and not being filed within the time authorized by law they can not be considered.

But on another ground, they could not, if filed in time, be considered. The case was tried before Hon. J. W. Patterson, judge of the District Court of Parker County; the bills are not verified by his signature, and neither is the statement of facts approved by him. The first Act passed authorizing bills of exception to be filed after term time contains this provision: "Judges whose terms of office may expire before the adjournment of the term of said court at which said cause is tried, or during the period of twenty days after the adjournment of the term, may approve such statement of facts or bills of exception." Our laws have so provided ever since bills of exception were permitted to be filed after term time, and these provisions have been crystallized into article 2076 of the Revised Statutes of 1911, which reads: "Any judge of a District or County Court whose term of office may expire before the adjournment of the term of such court at which a cause may be tried, or during the period prescribed for the filing of the statement of facts and bill of exceptions, or conclusions of fact and law, may approve such statement of facts and bill of exceptions, or file such findings of fact and conclusions of law, in such causes as provided in this chapter." Thus it is seen it has never been contemplated by our laws that any person other than the judge who presided in the trial of the case should be permitted to approve bills of exception or statement of facts. If such a contingency should arise where it would be impossible to secure the signature and approval of the trial judge, such as his death, permanent removal beyond the limits of the State, or other cause rendering it impossible to secure his approval, a different question might be presented. Nothing

of this character is made to appear in this record. While we have not judicial knowledge of that fact, yet we know as a fact that Judge Patterson declined re-election, and thus rendered it necessary to elect another at the last general election. We are officially apprised of the fact that Judge F. O. McKinsey was elected and qualified as judge of that district within the time provided by law, and that he is now and has been judge of that district since about the 1st day of last January, but this fact alone did not authorize him to approve bills of exception in cases tried by Judge Patterson in the preceding October. There is sound reason for this rule. It is impossible for Judge McKinsey to know what bills of exception were in fact reserved; whether the grounds of objection stated in the bills are in fact the grounds urged on the trial of the case, but the main reason is that the statute provides for the outgoing judge to sign and approve the bills of exception and statement of facts, and there is no provision of law authorizing the incoming judge to approve them. Again, while the law gave the appellant thirty days after term time in which to prepare and file his bills of exception, yet they were not filed in that time, and while Judge Patterson remained in office no request was filed asking an extension of time, and no extension of time was granted by Judge Patterson, and it was not until after Judge McKinsey had taken the oath and assumed the duties as judge that any effort was apparently made to secure an extension of time, or any effort made to prepare or file bills of exception.

The record being in this condition, and no statement of facts nor bills of exception contained therein we can not consider it. The other questions sought to be raised are not presented in a way we can consider them. There is no complaint in the motion for new trial as to the charge of the court, while there is complaint of the failure of the court to give some special charges requested. However, in the absence of a statement of facts approved by Judge Patterson, the judge who tried the case, and in the absence of any reason being stated why the same was not presented to him and approved by him, we must presume the judge charged the law and all the law applicable to the testimony.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 27, 1913.—Reporter.]