### CHARLIE ALLEN V. THE STATE.

No. 2781.   Decided December 17, 1913.

Rehearing denied January 14, 1914.

**Murder—District Judge—Successor—Statement of Facts—Bill of Exceptions.**

Where the statement of facts and bills of exception were not signed and approved by the district judge who presided at the trial, but by his successor in office, the same was stricken out on motion of the State. Following Richardson v. State, 158 S. W. Rep., 517.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Barry Miller.

Appeal from a conviction of murder in second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Nelms,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The appellant appeals from a conviction of murder in the second degree, with a penalty of twenty-five years fixed as his punishment.

The case was tried in the lower court and the proceedings had before Judge Barry Miller while he was judge of that court. There is in the record what purports to be a statement of facts and bills of exception, approved long afterwards by Judge Crawford, his successor, instead of by him. This case is in precisely the same condition as the case of Will Porter v. State, from Dallas County, recently decided but not yet reported. Upon motion of the Assistant Attorney-General and on authority of that case and Richardson v. State, 71 Texas Crim. Rep., 111, 158 S. W. Rep., 517, and the statute, the said purported statement of facts

and bills of exception herein are struck out and can not be considered. Without them, there is no question raised which can be reviewed.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 14, 1914.—Reporter.]

