### CHARLEY KAUFMAN v. THE STATE.

No. 2784. Decided January 14, 1914.

Rehearing denied February 11, 1914.

**Swindling—Statement of Facts—Trial Judge.**

Where, upon appeal from a conviction of swindling, the alleged statement of facts and bills of exception were not signed and approved by the judge who tried the case, but were so signed and approved by his successor, the same could not be considered on appeal. Following Richardson v. State, 158 S. W. Rep., 517.

Appeal from the Criminal District Court of Dallas. Tried below below before the Hon. Barry Miller.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. T. Lively,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was tried and convicted of swindling, and his punishment assessed at three years confinement in the penitentiary.

The case was tried and appellant convicted on the 20th day of January, 1913. His application for a new trial was overruled on February 1. The record discloses that Hon. Barry Miller was the judge before whom appellant was tried. That subsequent to this trial and overruling of the motion for a new trial Judge Miller on February 28th resigned, and Judge W. L. Crawford was appointed judge of the Criminal District Court No. 2 of Dallas County. Judge Crawford qualified on March 1, or just one month after appellant's motion for a new trial had been overruled. The statement of facts and bills of exception were presented to and approved by Judge Crawford. They were not presented to nor approved by Judge Miller, who tried the case. The Assistant Attorney-General moves to strike out the statement of facts and bills of exception. The following affidavit of Judge Miller accompanies the record:

"That my name is Barry Miller; I was judge of Criminal District Court No. 2, Dallas County, Texas, from the day of its creation up to and inclusive of February 28, 1913.

"That on February 28, 1913, I having theretofore tendered my resignation to the Governor of Texas effective on that date and he having accepted same, I finished my term of office on that day.

"I was in the City of Dallas, Dallas County, Texas, practically all the time from that day until the present time; that I did not sign the statement of facts nor bills of exception in the above styled and numbered cause; that neither the bills of exception nor statement of facts were presented to me to be signed in this case. I was the Judge of Criminal District Court No. 2 of Dallas County, Texas, at the time this case was tried and the defendant, Charley Kaufman, was convicted; that I was the judge who overruled his motion for a new trial."

We had this question before us in the case of Richardson v. State, 158 S. W. Rep., 517, and there held that the statement of facts and bills of exception must be signed and approved by the judge who tried the case. That this was statutory in this State. Article 2076, Rev. Stats., 1911. For a full discussion of this question see that case. Not only is this the rule under the statute in this State, but this seems to be the prevailing rule even in the absence of statutory provisions. In Thompson on Trials, sec. 214, it is held that the judge who presided at the trial must sign and approve the bills of exception, and no other judge is authorized to do so. That if the approval of the judge who tried the case for any reason can not be obtained, then they must be proven up by bystanders, citing a number of cases.

There is no question in the motion for a new trial we can review in

the absence of a statement of facts and bills of exception, and the judgment is therefore affirmed.

*Affirmed.*

[Rehearing denied February 11, 1914.—Reporter.].