J. T. MORGAN v. THE STATE.

No. 3846. Decided December 1, 1915.

Wife Desertion—Bills of Exception—Statement of Facts—County Judge —Successor.

Where, upon an appeal from a conviction of wife desertion, the record showed that the judge who tried the case temporarily left the county and his successor was properly elected to preside in his absence, and the statement of facts and bills of exception were approved by said successor, after notice of appeal was entered, and an order allowing twenty days after adjournment of court to file these papers before the first trial judge, who did not approve them, the same can not be considered on appeal. Following Richardson v. State, 71 Texas Crim. Rep., 111, and other cases.

Appeal from the County Court of Harris. Tried below before the **Hon.** Clark C. Wren.

Appeal from a conviction of wife desertion; penalty, twelve months confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, *John H. Crooker,* District Attorney, and *E. T. Branch,* for the State.—Cited cases in opinion.

PRENDERGAST, Presiding Judge.—Appellant was convicted of wife desertion. There is no statement of facts in the record. The record and affidavits before us show that the term of court at which appellant was convicted convened on July 5th and adjourned September 4, 1915; that Hon. C. C. Wren was the duly elected, qualified and acting judge of said court at the time of this trial; that the trial occurred on July 9, 1915, before Judge Wren; that his motion for new trial was heard and overruled by Judge Wren on July 14, 1915, at which time appellant gave notice of appeal to this court, and Judge Wren allowed twenty days after adjournment to file bills of exception and a statement of facts; that Judge Wren thereafter, on July 16th, went off on a vacation and remained away until the latter part of August, 1915; that he then returned and remained in and about his office in the courthouse from that time continuously until he opened the September term of said court on the first Monday in September; that on July 16th, after Judge Wren left, Judge Snowball was properly elected to preside, and did do so until the close of the July term. Judge Snowball did not preside nor have anything whatever to do with the trial of this cause. During Judge Wren's absence appellant's attorneys presented to Judge Snowball several bills of exception in this case, which he approved, and which were filed. The record shows them. Under these circumstances appellant's bills of exceptions can not be considered at all. Revised Civil Statutes, art. 2076; Richardson v. State, 71 Texas Crim. Rep., 111, 158 S. W. Rep., 517; Porter v. State, 72 Texas Crim. Rep., 71, 160 S. W. Rep., 1194; Allen v. State, 72 Texas Crim. Rep., 277, 162 S. W. Rep., 868; Kaufman v. State, 72 Texas Crim. Rep., 455, 163 S. W. Rep., 74.

The judgment is, therefore, affirmed.

*Affirmed.*