vision of that article relating to interlocutory appeals (subdivision 6), said injunction statute (articles 4644–4646), in this writer's personal view of the matter, itself directly conferring upon this court appellate jurisdiction over all cases within its purview.

(3) He also believes that, if applied to the case at bar, said logic or reasoning of the majority in McFarland v. Hammond would support defendants' contention that article 1591, R. S. 1911, controls articles 4644–4646, and that the inevitable result would be that this appeal also would be dismissed for want of jurisdiction.

(4) This addendum is not intended to reopen or reargue the point, but merely to state and explain, as briefly as possible, this writer's individual view as to the applicability in this case of the law affecting this court's jurisdiction as established by said earlier decision.

---

MORGAN v. STATE. (No. 3846.)

(Court of Criminal Appeals of Texas. Dec. 1, 1915.)

CRIMINAL LAW ☞1092—APPEAL—BILL OF EXCEPTIONS—APPROVAL.

Under Rev. St. art. 2076, that the bill of exceptions may be considered, it must be signed and approved by the trial judge, he being accessible when, and for a considerable before, the time therefor expired, though he had been away on a vacation, and another, elected therefor, was presiding in his absence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. ☞1092.]

Appeal from Harris County Court; Clarke C. Wren, Judge.

J. T. Morgan was convicted, and appeals. Affirmed.

John H. Crooker, Crim. Dist. Atty., and E. T. Branch, both of Houston, and C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of wife desertion.

There is no statement of facts in the record. The record and affidavits before us show that the term of court at which appellant was convicted convened on July 5 and adjourned September 4, 1915; that Hon. C. C. Wren was the duly elected, qualified, and acting judge of said court at the time of this trial; that the trial occurred on July 9, 1915, before Judge Wren; that his motion for new trial was heard and overruled by Judge Wren on July 14, 1915, at which time appellant gave notice of appeal to this court, and Judge Wren allowed 20 days after adjournment to file bills of exceptions and a statement of facts; that Judge Wren thereafter, on July 16th, went off on a vacation and remained away until the latter part of August, 1915; that he then returned and remained in and about his office in the courthouse from that time continuously until he opened the September term of said court on the first Monday in September; that on July 16th, after Judge Wren left, Judge Snowball was properly elected to preside, and did do so, until the close of the July term. Judge Snowball did not preside nor have anything whatever to do with the trial of this cause. During Judge Wren's absence, appellant's attorneys presented to Judge Snowball several bills of exception in this case, which he approved, and which were filed. The record shows them. Under these circumstances, appellant's bills of exceptions cannot be considered at all. Revised Civil Statutes, art. 2076. Richardson v. State, 71 Tex. Cr. R. 111, 158 S. W. 517; Porter v. State, 72 Tex. Cr. R. 71, 160 S. W. 1195; Allen v. State, 72 Tex. Cr. R. 277, 162 S. W. 868; Kaufman v. State, 72 Tex. Cr. R. 455, 163 S. W. 74.

The judgment is therefore affirmed.