JOHN QUINNEY v. THE STATE.

No. 5595. Decided December 3, 1919.

1.—Murder—Statement of Facts—Filing—Ninety Days.

Where the statement of facts was filled more than ninety days after the adjournment of the trial court, the same cannot be considered on appeal.

2.—Same—Statement of Facts—Trial Judge—Approval of Statement.

It is necessary that the judge who tried the case should approve the statement of facts, and the fact that he was no longer the incumbent does not justify the approval of the statement of facts by his successor, no reason being shown why the trial judge did not sign this statement. Following: Blake v. State, 81 Texas Crim. Rep., 88, and other cases.

3.—Same—Bill of Exceptions—Rule Stated.

Where the bill of exceptions do not sufficiently state the environment and matters occurring in connection with the bill, and place them in such attitude that they may be revised, they will not be considered on appeal.

4.—Same—Bill of Exceptions—Defendant's Failure to Testify—Presumption.

Where, upon an appeal from a conviction of manslaughter, the defendant complained that State's counsel in his closing argument referred to the fact of the defendant's failure to testify, but the bills of exceptions were not sufficiently full in their statements to show and verify the fact that the defendant failed to testify as a witness, this court must indulge the presumption that the rulings of the trial court are correct. Following: Moore v. State, 7 Texas Crim. App., 20, and other cases.

5.—Same—Bill of Exceptions—Rule Stated.

The mere statement of the grounds of objection in a bill of exceptions is not a certificate of the trial judge that the facts stated are true, it merely shows that such objection was made, and it is incumbent upon the defendant to incorporate sufficient of the evidence in the bill to verify the truth of the objections, and where this is not done, the same cannot be considered on appeal.

Appeal from the District Court of Matagorda. Tried below before the Hon. Sam'l J. Styles, judge.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Linn & Austin* and *W. S. Holman,* for appellant.—On question of argument of counsel on defendant's failure to testify: Flores v. State, 60 Texas. Crim. Rep., 25, 129 S. W. Rep., 1111; Hare v. State, 56 Texas Crim. Rep., 6, 118 S. W. Rep., 544; Jemison v. State, 79 Texas Crim. Rep., 313, 184 S. W. Rep., 807.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— On question of filing statement of facts: Serop v. State, 69 Texas Crim. Rep., 399, 154 S. W. Rep., 557; Ruby v. State, 174 S. W. Rep., 824; Rutherford v. State, 76 Texas Crim. Rep., 363, 174 S. W. Rep., 1050; Sweeney v. State, 205 S. W. Rep., 335.

On question of argument of counsel: McNew v. State, 208 S. W. Rep., 528; Thomas v. State, 204 S. W. Rep., 999.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter and allotted two years in the penitentiary.

There are two grounds urged why the statement of facts cannot be considered, first: said statement of facts was filed more than ninety days after the adjournment of court. Court adjourned on the 17th of July, and the statement of facts was filed the 27th of October, which shows to have been more than ninety days subsequent to adjournment of the term. This, under the authorities, would preclude the consideration of the evidence. Second, the case was tried by Judge Sam'l. J. Styles, and the bills of exception are approved by Judge Styles. The statement of facts was approved by Judge Munson. The record goes to show the statement of facts was not presented to Judge Styles, and there is no reason shown why it was not so done. By the terms of the statute and under the decisions construing it, it is necessary that the judge who tried the case should approve the statement of facts, and the fact that he was no longer the incumbent does not justify the approval of the statement of facts by his successor. This question has been frequently decided. See Kaufman v. State, 72 Texas Crim. Rep., 455; Richardson v. State, 71 Texas Crim. Rep., 111; Morgan v. State, 78 Texas Crim. Rep., 223; Porter v. State, 72 Texas Crim. Rep., 71; Allen v. State, 72 Texas Crim. Rep., 277; McGee v. State, 78 Texas Crim. Rep., 636; Sorrell v. State, 79 Texas Crim. Rep., at page 452; Blake v. State, 81 Texas Crim. Rep., 88. The statement of facts will, therefore, not be considered.

There are a number of bills of exception reserved to various matters that occurred during the trial. Some of them are indefinite

and do not sufficiently state the environments and matters occurring in connection with the bills and place them in such attitude they may be revised by the court.

There are two bills, however, which are considered. The trial judge says the matters should have been reserved in one exception instead of two, but whether we consider them as one or two would be immaterial. Without stating the bill as reserved by appellant, the qualification of the trial judge to bill No. 5 is as follows:

"The special district attorney in his closing argument did not refer to the fact that the defendant failed to take the stand as a witness in his own behalf. The following is substantially all the said district attorney stated in connection with the matter referred to in said bill: 'Judge Linn and Judge Holman know who killed Buck Wiley. Judge Linn told the jury that Ed Chapman killed Buck Wiley. Gentlemen of the Jury, I would have some respect for defendant's case if they had come clean and told the plain truth about it like a man. I had a case in Wilson County not long ago where a client of mine killed a man who killed his son and he went upon the stand and told the jury he killed the man because the man killed his boy he told the truth like a man and I have some respect for him. I know another man, an old man, who killed a man because the man had killed his boy. He took the stand and told the jury like a man, saying: 'I am an old man and have not much time to live but I killed that man because he killed my boy,' I have some respect for that kind of man.'" The court further states that defendant's counsel objected in an undertone to the court and the court understood that counsel objected to such statement of the district attorney and desired a bill of exceptions, but counsel did not request the court, either verbally or in writing, to stop counsel for the State or require him to desist from further statement of that kind, and did not request the court by special charge to withdraw said remarks from the jury. "Except as herein qualified and explained the foregoing bill is allowed and ordered filed to become a part of a record in this case."

Bill No. 6 as reserved by appellant's counsel thus states the matter: "If the young man had come here and told me that he was in a rage and killed Buck Wiley because he had killed his father I would have respected him as a brave man and forgiven him, for that is just what I would have done; but he did not do it." Various objections were urged to this. The court thus qualifies this bill: "The remarks referred to in the bill are made at the time and just following the remarks referred to in bill No. 5 and the exceptions were taken to all the remarks made, both the remarks made in bill No. 5 and remarks made in this bill, No. 6, at the same time and in the same manner as indicated in the qualifications to bill No. 5, and there was but one exception and not two." It is urged that these bills are not sufficient in definiteness and certainty to require their

consideration for the purpose of showing that appellant failed to testify as a witness. It will be observed that the court qualifying the bill states that the remarks of the district attorney did not refer or allude to the fact that defendant did not testify. The recitation in the bill itself of the speech made by the special prosecutor shows that the defendant did not come to court and tell him, the officer, that he was enraged when he killed Buck Wiley because he killed his father, and if he had done so he would have respected him as a brave man and forgiven him ". . . . but he did not do it." Under this statement of the special district attorney the defendant could have testified in the case but failed to state that he killed the deceased because the deceased had killed his father. Under the showing, the defendant may have testified, and the bill does not exclude the idea that he may have testified, but it does carry the statement that he did not state that he had killed the deceased because the deceased had killed his father. The recitation in the bill to the effect that the accused objected because it was failure on his part to testify, is not the statement of a fact but the ground of objection. This is not a sufficient statement to verify the fact that he did not testify. Therefore, we are of opinion that the bill is not sufficiently full and explicit in its statements to show and verify the fact that the defendant failed to testify as a witness. This court must indulge the presumption that the rulings of the trial court were correct. The bill must show to the contrary. See Branch's Crim. Law, p. 25; Edgar v. State, 59 Texas Crim. Rep., 252, 127 S. W. Rep., 1053; Moore v. State, 7 Texas Crim. App., 20. It is also laid down by a great number of authorities that the mere statement of the grounds of objection in a bill is not a certificate of the judge that the facts stated are true. It merely shows that such an objection was made. It is incumbent upon the defendant to incorporate sufficient of the evidence in the bill to verify the truth of the objections. Branch's Crim. Law, pp. 25 and 26, where a great number of authorities are collated. This bill does not verify the fact that appellant failed to testify, and the judge certifies that the district attorney did not refer to the fact that he did not testify, and does not certify that the defendant did not testify. This bill, to have been sufficient, should have stated as a fact and not as a ground of objection, that appellant did not testify as a witness. Under these authorities we are of opinion that the bill is not sufficiently explicit in regard to this matter to require this court to revise. Under this view of the case and under the record as presented, we are of opinion there is no error sufficiently shown to require a reversal.

The judgment will be affirmed.

*Affirmed.*