PEOPLE, PLAINTIFF AND APPELLEE, v. COLLADO, DEFENDANT
AND APPELLANT.

APPEAL from the First District Court of San Juan in a
Prosecution for False Representation.

No. 2008.—Decided April 30, 1924.

APPEAL IN CRIMINAL CASE—STATEMENT OF CASE—BILL OF EXCEPTIONS—SETTLE-
MENT OF BILL—JURISDICTION.—In accordance with section 298 of the Code
of Criminal Procedure only the judge who presided at the trial or the Su-
preme Court has jurisdiction to settle the bill of exceptions or statement
of the case for the purpose of an appeal. The judge succeeding the one
who presided at the trial has no jurisdiction to settle the bill and a stipula-
tion of the parties does not confer it upon him. A statement of the case
or bill of exceptions signed and approved by a district judge who is not ·
the one who presided at the trial is without authenticity and has no legal
effect on appeal.

The facts are stated in the opinion.
*Messrs. Guerra Mondragón & Soldevila* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This case has been pending for several months and has
been given careful study by the court. All of the questions
involved have been considered and only one of them has
seemed to be doubtful. Notwithstanding the fact that all
of the evidence examined below has not been included in
the record on appeal, a close analysis of what is included
shows that it is sufficient to sustain the judgment of convic-
tion; and after considering the interesting question of ex-
tradition in all of its details, the court has reached a con-
clusion contrary to the contention of the defendant, because
it appears that, in accordance with the facts, the law and
the jurisprudence, the said defendant lost all the rights which
he now asserts when he surrendered himself voluntarily in
France. The doubtful question to which we have referred
arises from the so-called "statement of the case," a copy
of which was brought up to this Supreme Court, as follows:

"Thus the first plea of the defendant was submitted to the Sec-

ond Section of the District Court of San Juan after the parties had
filed briefs. While the defendant's demurrer to the jurisdiction of
the court was pending, as has been said, the Act abolishing the
District Court of San Juan and creating two courts for the said
district went into effect. Then, on its own initiative, the court in
which this case was pending ordered its transfer to the First District Court of San Juan created by the said Act. When the transfer
was made there had been no ruling on the demurrer to the jurisdiction of the court.

"Without a hearing, without a transcript or statement of the
evidence examined at the hearing before Section 2 of the District
Court, without the consent and in the absence of the defendant, the
First District Court of San Juan ruled on the question of jurisdiction raised by the defense, overruling the demurrer. The objection
made and exception taken by the defendant appear from the record.

"A day was set for any further plea to the information. The
defendant demurred and the demurrer was overruled, the defendant
reserving and repeating his objection to the ruling on the plea to
the jurisdiction of the court. Then the defendant pleaded that he
was not guilty as charged in the information and asked for trial
by jury. The court set the 12th of September for the trial."

Preceding the paragraphs which we have transcribed,
there appears in the "statement of the case" the evidence
introduced on the question of jurisdiction raised by the defendant, to wit: That having been extradited to answer for
one offense, he was being prosecuted for another distinct
offense. And it is maintained that the court to which the
case was transferred decided the question adversely to the
defendant, without hearing the parties or considering the
evidence.

The fact is that from an examination of the "statement
of the case" alone, if it were not for the emphatic manner
in which the said fact is stated, its occurrence would seem
inconceivable. In the first place there is no showing that
the defendant's protest was made clearly and separately
before the judge to whom the case was transferred. Only
on filing a certain demurrer did the defendant reserve his
objection to the ruling on the question of jurisdiction. Un-

doubtedly the court's attention was fixed on the demurrer and perhaps it never took notice of the "reservation." Besides, if the evidence examined before the judge who first sat in the case was not included in the record when the case was transferred and the second judge ruled on the question without having the evidence before him, when and how did this evidence, which now forms a part of the "statement of the case," reach the court which made the final ruling? The presumption would be that in transferring the case everything existing in the court in connection with it was sent to the other court, including the evidence, the greater part of which consisted of documents. This is not inconsistent with the following language used in making the reservation:

"And the defendant further states that he enters this appearance without renouncing his objection and exception to the order of this court overruling the demurrer to the jurisdiction of the court, the said objection and exception being based on the following: That this court had no authority to decide the said question without having heard the defendant, and that there was no hearing or introduction of evidence before this court prior to the said order."

The fact that a new hearing was not held and that no evidence was introduced in the court to which the case was transferred, does not necessarily imply that the court decided the question of jurisdiction without considering the evidence which had been presented to the court in which the action was originally brought. There is a great difference between what seems to have occurred, examined in the light of this document drafted by counsel for the defendant, and what is said to have occurred in the "statement of the case" prepared in the form which we shall see hereafter.

If we ourselves had to weigh the evidence on the question of extradition, we should reach, as we have already said, a conclusion contrary to the defendant's contention. In its final analysis we agree with the decision of the district court, but if the facts occurred as they are narrated in the

"statement of the case," we would have to conclude that the procedure followed was erroneous, although it might be held, considering all of the attending circumstances, that the error committed was harmless.

Perhaps all that has been said is unnecessary, because, as we shall see, there is before us no true "statement of the case" that informs us of all that occurred in this case in the district court. The "reservation" which appears in the demurrer is not of itself evidence that the facts occurred as narrated by the defendant. This circumstance was noticed after the preparation and discussion of a long memorandum examining at. length all of the questions involved.

Not without first calling attention to the fact that the district attorney who signed the stipulation was not the same district attorney who participated in the proceedings prior to the trial or in the trial itself, shall we transcribe the stipulation and the order approving the "statement of the case." They are as follows:

"Stipulation for the approval of the statement of the case.

"The People of Porto Rico, represented by the District Attorney for the First District of San Juan, and defendant Enrique Collado, represented by attorneys Guerra Mondragón & Soldevila, do hereby state that they have agreed and stipulated as follows:

"That both parties have carefully examined the statement of the case and bill of exceptions tendered by the defendant on May 3, 1922, for the purposes of the appeals taken from the order refusing to grant a new trial and from the judgment rendered by this court in this case, and after having studied fully all of the documents which form the stenographic record and the record of the case, they find that the said statement of the case and bill of exceptions conform to the proceedings, and agree that it be approved by the court.

"That they formally accept the said document containing the statement of the case and bill of exceptions as being a faithful, complete, exact and accurate statement of the case from its beginning until the said appeals were taken from the order refusing to grant a new trial and from the judgment of conviction.

"That both parties have agreed to submit and do hereby sub-

mit to the court for approval, without any addition or amendment whatever, the statement of the case and bill of exceptions which the defendant has presented for use in the said appeals.

"That although the present Judge of this Court, Hon. Charles E. Foote, did not preside at the trial of the case, he heard and ruled on the motion for a new trial made by the defendant and is the successor in office of the former judge, Hon. Luis Campillo, who has been absent from Porto Rico for several months. Therefore, the parties expressly submit the said statement of the case and bill of exceptions to the Hon. Charles E. Foote, the present Judge of this Court, for approval.

"By virtue of the stipulation herein contained both parties appear and move Hon. Charles E. Foote, the present judge of this court, to approve the statement of the case and bill of exceptions presented in this case and to attach to the said document the certificate of his approval—San Juan, Porto Rico, June 22, 1922.— (Signed) Guerra Mondragón & Soldevila, by Ismael Soldevila, attorneys for the defendant.—(Signed) Rafael Arrillaga Urrutia, District Attorney.

"Island of Porto Rico.—First Judicial District of San Juan.— In the District Court.—The People of Porto Rico v. Enrique Collado, —No. 75.—False representation.—Order approving the statement of the case and bill of exceptions.

"I, Charles E. Foote, Judge of the First District Court of San Juan, Porto Rico,

"Do HEREBY CERTIFY: That the preceding statement of the case and bill of exceptions was submitted for approval by a stipulation which is made a part of this order, signed and presented by the attorneys for the defendant and the district attorney, which statement of the case and bill of exceptions could not be submitted for approval to the former judge of this court before whom the case was tried, because it was presented and filed after the said judge had ceased to hold the said office.

"I FURTHER CERTIFY: That the said statement of the case and bill of exceptions contains a faithful, complete, correct and accurate statement of this case and that it contains all of the documentary and oral evidence examined at the trial and at the hearings held in the case.

"I FURTHER CERTIFY: That the appeals which the defendant has taken from the order of the court refusing to grant a new trial and from the judgment rendered have been perfected within the time allowed by law.

"THEREFORE, I hereby order that the said statement of the case and bill of exceptions shall form a part of the record of the present case and shall be embodied in the transcript of the record to be sent up to the Supreme Court for the purposes of the appeals.

"The undersigned judge approves in all of its parts the said statement of the case and .bill of exceptions in view of the agreement of the parties that it be approved in the same form as it appears in the record.

"Done in open court this 26th day of June, 1922.—(Signed) Charles E. Foote, Judge of the First District Court of San Juan."

Judge Foote was absolutely without authority to approve the transcript. The stipulation of the parties could not confer that authority upon him. The question is not new. It was settled by this court as far back as 1912 in the case of *People* v. *Coll*, 18 P.R.R. 355, as follows:

"According to section 298 of the Code of Criminal Procedure only the trial judge and the Supreme Court are empowered to settle a bill of exceptions or statement of the case for the purpose of an appeal. A judge who succeeds the judge who presided at the trial has no jurisdiction to settle said documents. A statement of the case or bill of exceptions signed and settled by the district judge who is not the one who presided at the trial lacks authenticity and has no legal effect on appeal.

"Rule 65 of the Supreme Court was adopted for civil matters and criminal cases are governed by section 298 of the Code of Criminal Procedure.

"The statement of the case and bill of exceptions presented on appeal not having been signed and settled by the judge who presided at the trial but by the judge who succeeded him in office lack the required authenticity and therefore this court can not pass upon the grounds of appeal that the trial court refused to sustain the challenging of jurors and the motion to strike out the testimony of a witness.

"The fact that the bill of exceptions and statement of the case, settled by a judge who did not preside at the trial without objection on the part of the *fiscal* or the defendant, have been presented. to the Supreme Court does not oblige this court to accept them as legal nor to give them a value which they do not possess."

In the case of *Scott* v. *State,* 63 S. E. 936, the Court of Appeals of Georgia expressed itself as follows:

"Scott was convicted of an offense in Decatur superior court, and on December 28, 1908, Judge Spence, then judge of the superior court of the Albany circuit, overruled a motion for a new trial in the case. On December 31st Judge Spence's term of office expired, and he was succeeded by Hon. Frank Park. The defendant tendered to Judge Park a bill of exceptions complaining of the judgment of Judge Spence in overruling the motion for a new trial, and Judge Park signed and certified the bill of exceptions.

"We are without jurisdiction of the writ of error. Civ. Code 1895, sec. 5539, provides that a bill of exceptions shall be tendered 'to the judge who presided in the cause.' There is no statutory provision whereby any other judge may verify the bill of exceptions. Section 5542 provided that 'if the judge trying the case resigns or otherwise ceases to hold his office as judge, when the bill of exceptions is tendered he may nevertheless sign and certify.' We are holding in the case of Wright v. State (No. 1681, this day decided) 5 Ga. App. ——, 63 S. E. 936, that this applies to criminal as well as to civil cases. If the judge whose final ruling is complained of could not verify the bill of exceptions after his term of office had expired, there would be no one who could do so, and the defendant who failed to get his bill of exceptions signed before the judge's term expired would be remediless; for the Legislature has made no provision whereby the successor to the judgeship may verify the bill of exceptions complaining of rulings made by his predecessor. The inexpediency of allowing such procedure was demonstrated clearly, when during the present session of this court we were presented with a case in which the defendant's counsel had succeeded to the judgeship of the court in which the case was tried, and he himself had signed the statutory certificate to the bill of exceptions complaining of rulings made by his predecessor in office before whom he, as counsel, had tried the case. The cases of Grace v. Gordon, 113 Ga. 88, 38 S. E. 404, and of Brand v. City of Lawrenceville, 127 Ga. 237, 55 S. E. 967, are authority for the proposition that in the special case of interlocutory fast writs the ex-judge can not certify, but not for the proposition that his successor in office may do so."

And in *Sirman* v. *State,* 63 S. E. 937, the same court said:

"The bill of exceptions should have been certified by the judge who presided in the trial in the lower court. His successor was without authority to certify the bill of exceptions; and consequently the writ of error must be dismissed. The ruling is controlled by the decision in Scott v. State (this day decided) 63 S. E. 936."

In the State of Texas the same jurisprudence has been established. In *Richardson* v. *State,* 158 S. W. 517, 518, the Court of Criminal Appeals held as follows:

"But on another ground they could not, if filed in time, be considered. The case was tried before Hon. J. W. Patterson, judge of the district court of Parker county; the bills are not verified by his signature, and neither is the statement of facts approved by him. The first act passed authorizing bills of exception to be filed after term time contains this provision: 'Judges whose terms of office may expire before the adjournment of the term of said court at which said cause is tried, or during the period of twenty days after the adjournment of the term, may approve such statement of facts or bills of exception.' Our laws have so provided ever since bills of exception were permitted to be filed after term time, and these provisions have been crystallized into article 2076 of the Revised Statutes of 1911, which reads: 'Any judge of a district or county court whose term of office may expire before the adjournment of the term of such court at which a cause may be tried, or during the period prescribed for the filing of the statement of facts and bill of exceptions, or conclusions of fact and law, may approve such statement of facts and bill of exceptions, or file such findings of fact and conclusions of law, in such causes as provided in this chapter.' Thus it is seen it has never been contemplated by our laws that any person other than the judge who presided in the trial of the case should be permitted to approve bills of exception or statement of facts. If such a contingency should arise where it would be impossible to secure the signature and approval of the trial judge, such as his death, permanent removal beyond the limits of the state, or other cause rendering it impossible to secure his approval, a different question might be presented. Nothing of this character is made to appear in this record."

In the case of *Porter* v. *State,* 160 S. W. 1194, 1195, the same court said:

"The purported statement of facts was filed in the lower court

on April 26, 1913. It was not approved by Judge Miller but shows to have been approved by Judge Crawford. Under this state of facts, as shown by this record, the Assistant Attorney General makes a motion to strike out the said bill of exceptions and statement of facts. This question has heretofore carefully been considered by this court in the case of Richardson v. State, 158 S. W. 517, wherein this court, after citing the statutes, held that the judge of the court who tried the case, before whom such proceedings were had, could alone approve bills of exceptions and statements of facts, and that his successor could not do so. We are thoroughly satisfied with the holding and opinion in that case, and in. accordance therewith and with the statutes we are under the necessity of sustaining the motion of the Assistant Attorney General, which we do, and therefore strike out the said bill of exception and statement of facts.''

In *Allen* v. *State,* 162 S. W. 868, the court ratified its doctrine as follows:

''The case was tried in the lower court and the proceedings had before Judge Barry Miller while he was judge of that court. There is in the record what purports to be a statement of facts and bills of exceptions, approved long afterwards by Judge Crawford, his successor, instead of by him. This case is in precisely the same condition as the case of Will Porter v. State, 160 S. W. 1194, from Dallas County, recently decided, but not yet officially reported. Upon motion of the Assistant Attorney General, and on authority of that case and Richardson v. State, 158 S. W. 517, and the statute, the said purported statement of facts and bill of exceptions herein are struck out and can not be considered. Without them, there is no question raised which can be reviewed.''

The law in Porto Rico is more complete than that on which the courts of Texas and Georgia relied in establishing the jurisprudence cited. Our statute not only contains similar provisions, but it also establishes the supplementary means of resorting to the Supreme Court for the settlement of the bill of exceptions.

It must be admitted that there are jurisdictions in which the successor in office may settle the bill of exceptions or statement. But in this Island, as stated in 17 C. J. 144, ''the bill of exceptions,'' and consequently the statement of

the case, "can be signed and settled only by the judge who tried the case or by the supreme court," citing the *Coll Case, supra.* An examination of the statement of the case filed herein shows the appropriateness of this provision.

From whatever aspect this case may be considered, therefore, the only proper decision is to dismiss the appeal and affirm the judgment of the lower court.

*Affirmed.*

Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison dissented.

Mr. Justice Franco Soto concurred in the judgment.