## A. L. PORTER V. THE STATE.

### No. 10892.   Delivered May 11, 1927.

**Possessing Mash, Etc.—Approval of Statement of Facts—By Judge Trying Case.**

Statement of facts and bills of exception must be approved by the judge before whom the cause is tried, in the absence of the death of the trial judge. This case was tried before the Hon. J. M. Melson, District Judge, and the statement of facts and bills of exception were approved by the Hon. Grover Sellers, his successor, and therefore cannot be considered. See Art. 2288, Rev. Civ. Stats. 1925; Porter v. State, 76 Tex. Crim. Rep. 71, and other cases cited.

Appeal from the District Court of Rains County.   Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for possessing mash, material, etc., for manufacture of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Nat M. Crawford* and *Wynne & Wynne,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted for unlawfully possessing mash, material and supplies for the manufacture of spirituous, vinous and malt liquors capable of producing intoxication, and his punishment assessed at confinement in the penitentary for two years.

The case was tried before the Honorable J. M. Melson. There is in the record a statement of facts and one bill of exception approved long afterwards by Grover Sellers, successor to the said J. M. Melson.

Under the statute, only the judge who tried a criminal case is authorized to approve the bill of exception and statement of fact, except where the trial judge dies before the time for said approval or filing, in which event the bill of exception and statement of facts may be approved or filed by the deceased judge's successor, as provided in Art. 2288, Revised Civil Statutes, 1925. The record does not disclose the death of the trial judge, J. M. Melson, nor is any reason shown why Judge Melson did not approve the bill of exception and the statement of facts.

With the record in this condition, we are not authorized to consider the statement of facts and bill of exception. Without them, there is no question raised which can be reviewed. Porter v. State, 76 Tex. Crim. Rep. 71, 160 S. W. 1194; Richardson v.

State, 71 Tex. Crim. Rep. 111, 158 S. W. 517; Allen v. State, 72 Tex. Crim. Rep. 277, 162 S. W. 868; Kaufman v. State, 72 Tex. Crim. Rep. 455, 163 S. W. 74; Morgan v. State, 78 Tex. Crim. Rep. 222, 180 S. W. 610; Art. 2248, Revised Civil Statutes, 1925.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., not sitting.