VAN BASS v. THE STATE.

No. 13954. Dismissed December 3, 1930.
Reinstated and Delivered February 4, 1931.

542

The opinion states the case.

*Alonzo Turner,* of Borger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, felony theft; the penalty, five years in the penitentiary.

The record in this case fails to contain a notice of appeal to this court. Without such, we are without jurisdiction.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.

### ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—It appears that notice of appeal was given. The appeal is therefore reinstated.

To warrant consideration, the statement of facts must bear the certificate of the trial judge. See Article 760, C. C. P. In the document relied upon in the present instance there is no such certificate. Appellant's counsel has made an affidavit stating what purports to be the facts. The rule for the preparation and authentication of a statement of facts is embraced in the Revised Civil Statutes, 1925, Vol. 1, Title 40, Chap. 9,

pp. 593-597, and Article 760, C. C. P. To warrant the consideration of a statement of facts a substantial compliance with the statutory demands is imperativ.e See Vernon's Ann. Tex. C. C. P., 1925, Vol. 3, p. 83, note 6. The court certifies that no request was presented to have the court stenographer prepare a statement of facts without cost to the accused.

There are two bills of exceptions. Bill No. 2 complains of the failure of the court to instruct the jury to find a verdict of not guilty for the reason that the evidence was purely circumstantial and insufficient to warrant a conviction. In the absence of the evidence brought up for review, the merits of the bill cannot be ascertained.

Bill No. 2 complains of an indirect reference by State's counsel to the failure of the accused to testify. The bill, as prepared, fails to show that he was not a witness in his own behalf. Such omission has been held fatal to the bill. See Quinney v. State, 86 Texas Crim. Rep., 358, 216 S. W., 882. Certainly it is so in the absence of a statement of facts. However, in the bill as qualified, the court states that the remarks were specifically invited by those made by the appellant's attorney.

Finding no error, the judgment is affirmed.

*Affirmed.*