Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

There are only two bills of exception in the record, neither of which raises any question of sufficient importance to call for discussion. As we view the record, there was but one issue, viz. the question of guilt under the facts. The state witnesses testified positively to the fact of a sale of whisky. Appellant's witnesses testified to the contrary. The settlement of conflicts in testimony is for the jury, and, unless the record be so devoid of testimony to support the conviction as to lead to the inference of prejudice or unfairness on the part of the jury, it is our rule not to disturb the judgment.

Being of opinion there is sufficient evidence in the record to justify the action of the jury, the judgment will be affirmed.

## BRYANT v. STATE.
### No. 14487.

Court of Criminal Appeals of Texas.
Nov. 18, 1931.

Jack Elgins, of Rockport, and Letts & Roland, of Houston (on appeal), for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

## MORROW, P. J.

The offense is the unlawful possession of potable liquor containing in excess of one per cent. of alcohol by volume, as defined by article 667, P. C. 1925; penalty assessed at confinement in the penitentiary for one year.

The purported statement of facts cannot be considered for the reason that it does not bear the certificate of the trial judge. See R. S. 1925, chap. 11, title 42, art. 2243; article 760, C. C. P. 1925. See, also, Hall v. State (Tex. Cr. App.) 40 S.W.(2d) 85.

There are no legal questions presented by bills of exception or otherwise, and no errors have been pointed out or perceived.

The judgment is affirmed.