court should hold the admission of the testimony erroneous.

The evidence appears amply sufficient to support the judgment, and same is accordingly affirmed.

### On Motion for Rehearing.

HAWKINS, Judge.

We have again examined appellant's contention that under a warrant authorizing the search of Slim Smith's house the officers searched appellant's house. It seems plain from the statement of facts that appellant's real name was Roderick, but that he was also known as Slim Smith. The evidence on that point is shown in our original opinion. Under the circumstances we see no error in admitting evidence as to the result of the search of the house.

The motion for rehearing is overruled.

### On Application for Leave to File Second Motion for Rehearing.

MORROW, Presiding Judge.

Deeming the proper disposition of the case to have been made on the original hearing, the application for leave to file a second motion for rehearing is denied.

Wilburn Barcus, of Big Spring, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of assault with intent to murder, and his punishment assessed at confinement in the state penitentiary for a term of one year.

The record is before us without any bills of exception, and the statement of facts is not signed and approved by the trial judge. Therefore the same cannot be considered by this court. In the absence of a statement of facts, we cannot determine the insufficiency of the testimony to warrant the conviction. The indictment appears to be in due form, and, no fundamental error appearing in the record, the judgment of the trial court is in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.