## J. W. GUNN v. THE STATE.

No. 19224.   Delivered January 26, 1938.
Rehearing denied March 30, 1938.

The opinion states the case.

*John T. Williamson,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully passing a forged instrument; penalty assessed at confinement in the penitentiary for two years.

The indictment appears regular and properly presented. No complaints of the rulings of the trial court have been presented by bills of exception.

The statement of facts accompanying the record fails to bear the approval of the judge who tried the case. Neither is it signed by counsel for appellant and for the State. The rule is well settled that the statement of facts must be approved by the trial judge in order to be considered by the appellate court. Article 760, C. C. P.; Articles 2239, 2243, R. S. 1925. See also Tex. Jur., Vol. 4, p. 419, Sec. 287; Lester v. State, 34 S. W. (2d) 862; Bass v. State, 35 S. W. (2d) 423; Bryant v. State, 43 S. W. (2d) 1097; Rose v. State, 75 S. W. (2d) 449.

In the absence of the statement of facts and bills of exception, nothing has been presented justifying a reversal of the conviction. The judgment is therefore affirmed.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—This cause has been heretofore affirmed. The statement of facts accompanying the record failed to bear the approval of the judge who tried the case. We now find on file with the record a statement of facts approved by the trial judge March 15, 1938. This approval by the judge of the statement of facts comes too late. It should have been filed within ninety days from April 12, 1937, and we thus find it filed about eleven months after the overruling of appellant's motion for a new trial. We can not consider the same because filed too late.

The motion for rehearing will be overruled.