## GRACE *et al. v.* GORDON.

Neither under the provisions of section 5543 of the Civil Code, nor under any other provision of law in this State, is one who had been a trial judge given any authority to certify, after the expiration of his term of office, a "fast" bill of exceptions.

Submitted March 2,— Decided March 27, 1901. ·

Injunction.    Before Judge Smith.    Wilcox superior court. December 21, 1900.

*J. H. Martin,* for plaintiffs in error.    *Max E. Land,* contra.

SIMMONS, C. J.    On December 21, 1900, Judge Smith of the Oconee circuit granted a permanent injunction to restrain a certain sheriff's sale.    The defendants presented to him a bill of exceptions complaining of this judgment, and he signed and certified it on January 5, 1901.    In the meantime Judge Smith's term of office had expired, and his successor had qualified.    Under the provisions of section 5540 of the Civil Code, the case was one in which a "fast" writ of error was provided for, and it was brought to this court under that section.    The defendant in error made, in this court, a motion to dismiss the writ of error, on the ground that at the time of the signing and certifying of the bill of exceptions Judge Smith was no longer judge of the superior court, his term of office having expired, and that he was therefore without authority to certify a "fast" bill of exceptions.    After a careful consideration of the provisions of our code upon this subject, we have concluded that the motion to dismiss must be sustained.

Prior to the act of December 16, 1859 (Acts 1859, p. 50), a judge had no authority to sign any bill of exceptions after the expiration of his term of office.    By that act it was provided that " If the term of the judge making the decision shall have expired, or said judge shall have resigned, or been removed, when the bill is presented, then the said judge shall sign said bill, with the order of the clerk, as ex-judge."    By acts previously passed, provision had been made for the certification of bills of exceptions in cases where the judge had died or become otherwise incapable of acting, and also in cases where the signing of the bill of exceptions was delayed beyond the prescribed time by the absence of the judge from home, and without fault on the part of the party tendering.    These

provisions (now embodied in section 5542 of the Civil Code) were held by this court not to apply to "fast" bills of exceptions, as the latter were created by subsequent acts which made the signing and certifying within twenty days in such cases imperative. *Moring* v. *Ross*, 63 *Ga.* 308; *Hardin* v. *Swann*, 66 *Ga.* 244; *Sewell* v. *Edmondston*, 66 *Ga.* 353. These cases held that "fast" writs had to be sued out under the act providing therefor, and that the laws applicable to ordinary writs of error were not applicable to them. See *Markham* v. *Huff*, 72 *Ga.* 106. Subsequently to these decisions, the legislature remedied in part this hardship by the act of September 12, 1881 (Acts 1881, p. 114), "to provide for the signing and certifying of bills of exceptions now required by law to be signed in twenty days, after said twenty days, in certain cases." This act, now section 5543 of the Civil Code, provided that "all the laws of this State now in force, having reference to the signing and certifying of bills of exceptions after the expiration of thirty days from the adjournment of the court and the rendition of the decision, and in case of the death of the judge, shall apply, so far as the same will conform, to all bills of exceptions which are now required by law to be signed and certified in twenty days after the rendition of the decision." Other than this act, there is no provision of law in this State under which a judge could derive authority to certify a "fast" bill of exceptions after the expiration of his term of office, and the question to be determined in this case is, simply, whether this act gives such authority. We think that it does not. It provides for but two classes of cases. One of these is in cases in which the judge dies before the expiration of the prescribed time for the presentation and certification of the bill of exceptions. The other, and the only other, class of cases provided for is where the circumstances are such that, had the bill of exceptions been not a "fast" bill, the law would have allowed it to be signed and certified after the expiration of the time generally prescribed. Under this act, then, we think that provision was made for the verification of "fast" bills of exceptions in case of the death of the judge and for their certification in certain cases where the bill of exceptions is allowed to be signed and certified by the judge after the expiration of the regular prescribed time. As to whether the act goes even to this extent is not settled. See *Markham* v. *Huff*, supra, where Jackson, C. J., describes the act as applying only in case

the judge dies, and *Jackson* v. *State,* 93 *Ga.* 216. Be this as it may, we are clear that the act makes no provision for cases where the term of office of the trial judge expires before the bill of exceptions is signed and certified. We therefore hold that one who had been a trial judge has no authority, after the expiration of his term of office, to certify a "fast" bill of exceptions. We have no jurisdiction to entertain the present writ of error, and must accordingly dismiss it.

*Writ of error dismissed. All the Justices concurring.*