### 1669.   SCOTT v. THE STATE.

An ordinary final bill of exceptions in a case, civil or criminal, should be
     presented to the judge who presided in the cause, and certified by him,
     except in case of his dying subsequently to the ruling complained of
     and before the statutory period for certifying has expired.  Where, just
     before the expiration of the term of office of a judge of the superior
     court, he overrules a motion for a new trial, the bill of exceptions
     complaining of this ruling should be tendered to him and signed and
     certified by him; and his successor in office has no power to sign and
     certify it.

Submitted February 24,—Decided March 16, 1909.

*E. S. Longley,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.

POWELL, J.  Scott was convicted of an offense, in Decatur
superior court, and on December 28, 1908, Judge Spence, then
judge of the superior court of the Albany circuit, overruled a mo-
tion for a new trial in the case.   On December 31 Judge Spence's
term of office expired, and he was succeeded by Hon. Frank Park.
The defendant tendered to Judge Park a bill of exceptions, com-
plaining of the judgment of Judge Spence in overruling the mo-
tion for a new trial, and Judge Park signed and certified the bill
of exceptions.

We are without jurisdiction of the writ of error.   The Civil
Code, §5539, provides that a bill of exceptions shall be tendered
"to the judge who presided in the cause."   There is no statutory
provision whereby any other judge may verify the bill of excep-
tions.   Section 5542 provides that "if the judge trying the case
resigns, or otherwise ceases to hold the office as judge, when
the bill of exceptions is tendered, he may nevertheless sign and

certify." We are holding in the case of *Wright* v. *State,* post (63 S. E. 936), that this applies to criminal as well as to civil cases. If the judge whose final ruling is complained of could not verify the bill of exceptions after his term of office had expired, there would be no one who could do so, and the defendant who failed to get his bill of exceptions signed before the judge's term expired would be remediless; for the legislature has made no provision whereby the successor to the judgeship may verify the bill of exceptions complaining of rulings made by his predecessor. The inexpediency of allowing such procedure was demonstrated clearly when, during the present session of this court, we were presented with a case in which the defendant's counsel had succeeded to the judgeship of the court in which the case was tried, and he himself had signed the statutory certificate to the bill of exceptions complaining of rulings made by his predecessor in office before whom he, as counsel, had tried the case. The cases of *Grace* v. *Gordon,* 113 *Ga.* 88 (38 S. E. 404), and *Brand* v. *Lawrenceville,* 127 *Ga.* 237 (55 S. E. 967), are authority for the proposition that in the special case of interlocutory fast writs, the ex-judge can not certify, but not for the proposition that his successor in office may do so. Let the writ of error be

*Dismissed.*