## 1681. WRIGHT *v.* THE STATE.

1. An ex-judge of the superior court is authorized to sign a bill of exceptions tendered within the time required by law, complaining of a final judgment·rendered by him in a criminal case during his incumbency in the office.

2. The evidence fully authorized the verdict, but a new trial must be granted, because the court intimated an opinion upon the facts, during the progress of the trial, in violation of the Civil Code, § 4334.

Indictment for burglary, from Worth superior court—Judge Spence. December 28, 1908.

Submitted March 9,—Decided March 16, 1909.

*L. D. Passmore,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.

POWELL, J. Wright was convicted of burglary, before his honor W. N. Spence, then judge of the superior courts of the Albany

circuit. He made a motion for a new trial, which was overruled by Judge Spence on December 28, 1908. Judge Spence's term of office expired on December 31, and the bill of exceptions complaining of his ruling in overruling the motion for a new trial was not tendered to him until January 8, 1909, at which time he signed and certified it. The solicitor-general moves to dismiss the bill of exceptions, citing *Grace* v. *Gordon,* 113 *Ga.* 88 (38 S. E. 404), and *Brand* v. *Lawrenceville,* 127 *Ga.* 237 (55 S. E. 967), as authority for this action.

Section 5542 of the Civil Code provides that if the judge who tried the cause resigns, or otherwise ceases to hold his office, he may nevertheless sign and certify the bill of exceptions when tendered. In *Grace* v. *Gordon* and *Brand* v. *Lawrenceville,* supra, it was held that the foregoing provision found in section 5542 of the Civil Code did not apply to what is commonly known as "fast writs," that is, to writs of error sued out complaining of interlocutory rulings in injunction, mandamus, and certain other extraordinary cases; the reasoning of the court being based on the fact that at the time the statutes now embodied in the foregoing code section were passed, there was no right to take a bill of exceptions to these interlocutory judgments, and that the statute giving the right gave it on terms, special, strict, and peculiar, which must be followed in each case. Writs of error in criminal cases were, of course, recognized as permissible, from and after the organization of the Supreme Court; and when the statutes just referred to, now embodied in section 5542, were enacted, such writs were in the legislative mind and contemplation. It is true that in 1890 the legislature, in order to speed the hearing of criminal cases, provided that the procedure as to the time and manner of certifying, of transmitting, and of hearing bills of exceptions in criminal cases should be the same as prevails as to bills of exceptions in injunction and other extraordinary cases. This made writs of error in criminal cases "fast writs," but not extraordinary writs. We do not think it was the intention of the legislature to deprive persons who have been convicted of crime of the right to tender a bill of exceptions to the final judgment within twenty days, although the judge whose ruling is complained of may have resigned or otherwise ceased to hold his office within the period; and if section 5542 does not provide for this exigency, then no provision

has been made by law. See *Scott* v. *State,* ante, 812 (63 S. E. 936). After carefully running the whole matter back to the original acts from which the different code sections on the subject have sprung, we are of the opinion that in criminal as well as in civil cases an ordinary writ of error may, within the time limited, be signed by an ex-judge, as to a ruling made by him while he was in office. In this connection it may be noted that the case of *Jackson* v. *State,* 93 *Ga.* 216 (18 S. E. 558), which, under its peculiar facts, had the effect of depriving the defendant of the right to a bill of exceptions, or rather of so circumscribing his right as to amount to a practical deprivation thereof, was reviewed and overruled in the case of *Railroad Commission* v. *Palmer Hardware Co.,* 124 *Ga.* 633 (53 S. E. 193). The motion to dismiss is therefore overruled.

2. The defendant is very clearly guilty of the offense with which he stands charged. We dislike to grant new trials in such cases, but on examining the record we find that in one or two instances the presiding judge intimated an opinion as to what had or had not been proved. This, being a violation of section 4334 of the Civil Code, known as "the dumb act," is mandatory cause for a new trial. The case is clearly controlled by *Sharpton* v. *State,* 1 *Ga. App.* 542 (57 S. E. 929); *Taylor* v. *State,* 2 *Ga. App.* 723 (59 S. E. 12); *Ford* v. *State,* 2 *Ga. App.* 834 (59 S. E. 88).

*Judgment reversed.*