### 10251.　COPELAND v. THE STATE.

BROYLES, P. J. 1. The court did not err in instructing the jury upon the law of voluntary manslaughter or upon the theory of a mutual intent to fight, such instructions being authorized by the evidence.

2. The court having fully instructed the jury upon the law of justifiable homicide, it was not error (especially in the absence of a timely and appropriate written request) to fail to give in charge section 73 of the Penal Code.

3. The evidence and the defendant's statement authorized the verdict of voluntary manslaughter, and the court did not err in refusing a new trial.

> *Judgment affirmed. Bloodworth and Stephens, JJ., concur.*
> DECIDED APRIL 22, 1919.

Indictment for murder; from Troup superior court—Judge Terrell. November 18, 1918.

*M. U. Mooty,* for plaintiff in error.

*C. E. Roop,* solicitor-general, contra.

---

### 10325.　LUKE v. GILLEY.

STEPHENS, J. An ordinary final bill of exceptions in a case, civil or criminal, should be presented to the judge who presided in the cause, and certified by him, except in case of his dying subsequently to the ruling complained of and before the statutory period for certifying has expired. Where, just before the expiration of a term of office of a judge of a city court, he overrules a motion for a new trial, the bill of exceptions complaining of this ruling should be tendered to him and signed and certified by him; and his successor in office has no power to sign and certify it. Civil Code, §§ 6152, 6155; *Scott* v. *State,* 5 Ga. *App.* 812 (63 S. E. 936). This court is therefore without jurisdiction in this case, and the writ of error is

> *Dismissed. Broyles, P. J., and Bloodworth, J., concur.*
> DECIDED APRIL 22, 1919.

Trover; from city court of Nashville—Judge Christian. December 30, 1918. (Bill of exceptions signed by Judge Lovett.)

*R. A. Hendricks,* for plaintiff in error.

*William Story, J. P. Knight,* contra.