EL PUEBLO, DEMANDANTE Y APELADO, *v.* COLLADO, ACUSADO Y APELANTE.

No. 2008.—*Visto:* Noviembre 13, 1923.   *Resuelto:* Abril 30, 1924.

APELACIÓN DE SENTENCIA EN CAUSA CRIMINAL—EXPOSICIÓN DEL CASO EN CAUSA CRIMINAL—APROBACIÓN DE EXPOSICIÓN DEL CASO EN CAUSA CRIMINAL.—De acuerdo con el artículo 298 del Código de Enjuiciamiento Criminal, el juez que preside el juicio, o la Corte Suprema, únicamente tienen jurisdicción para aprobar el pliego de excepciones o la exposición del caso, para los efectos de una apelación. Un juez en propiedad que sustituye al juez que presidió el juicio, carece de jurisdicción para aprobar dichos documentos y la estipulación de las partes no se la confiere. Una exposición del caso o pliego de excepciones firmados y aprobados por el juez de distrito que no es el que presidió el juicio carecen de autenticidad y no surten efecto legal alguno en apelación.

SENTENCIA de *Luis Campillo,* J. (Primer Distrito, San Juan), condenando al acusado por delito de falsa representación. *Confirmada.*

*Guerra Mondragón & Soldevila,* abogados del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Esta causa está pendiente de resolución desde hace varios meses y ha sido objeto de un estudio detenido por parte del tribunal. Todas las cuestiones envueltas han sido consideradas y sólo una ha parecido dudosa. A pesar de no haberse incluido toda la prueba practicada, aquella que se incluye ha sido analizada y estimada suficiente para sostener el fallo condenatorio apelado y la interesante cuestión de extradición envuelta examinada en todos sus detalles, llegándose a una conclusión contraria a la sostenida por el acusado por aparecer que de acuerdo con los hechos, la ley y la jurisprudencia dicho acusado perdió todos los derechos que invoca al rendirse voluntariamente en Francia. La cues-

tión dudosa a que nos hemos referido surge de la llamada "exposición del caso," copia de la cual fué elevada a esta Corte Suprema, así:

"Así quedó la primera alegación del acusado sometida a la resolución de la Sección Segunda de la Corte de Distrito de San Juan, previa presentación de alegatos por las partes. Mientras estaba pendiente de resolución, según se ha dicho, la excepción de jurisdicción propuesta por el acusado entró en vigor la vigente ley aboliendo la Corte de Distrito de San Juan y creando dos tribunales para dicho distrito. Entonces fue trasladado este caso por orden y a iniciativa de la corte en la cual estaba pendiente a la del Primer Distrito de San Juan establecida por la ley ameritada. Cuando se hizo el traslado estaba sin resolver aún la excepción de jurisdicción presentada.

"Sin previa celebración de vista al efecto, sin transcripción o pliego alguno de la evidencia aportada en la vista que tuvo lugar ante la Sección Segunda de la Corte de Distrito, sin el consentimiento y en ausencia del acusado, el Tribunal del Primer Distrito de San Juan resolvió la cuestión de jurisdicción planteada por la defensa. Mediante la resolución dictada se declaró sin lugar la excepción propuesta. Constan en autos la objeción y excepción que anotó el acusado a la resolución pronunciada.

"Señalóse día para que se formulara cualquiera otra alegación contra la acusación. La defensa presentó excepción perentoria que fue declarada sin lugar, reservándose y reiterando al mismo tiempo su objeción a la resolución recaída sobre la alegación impugnando la jurisdicción de la corte. Negados entonces los hechos expuestos en la acusación y solicitando juicio por jurado, la corte dispuso el 12 de septiembre para la celebración del juicio."

Con anterioridad a esa constancia aparece en la "exposición" la larga prueba presentada con motivo de la cuestión de jurisdicción suscitada por el acusado, a saber: que habiendo sido extraditado para responder de un delito, se le juzgaba por otro distinto. Y se sostiene que el juez a quien se trasladó la causa, sin oir a las partes y sin considerar la prueba, decidió la cuestión en contra del acusado.

La verdad es que analizada la "exposición" en sí misma, a no ser por la manera enfática con que la existencia de

tal hecho se consigna, no se concibe que hubiera ocurrido.
En primer lugar no hay constancia de que la protesta ,del
acusado se formulara ante el juez a quien se trasladó el
caso clara y aisladamente.  Sólo al archivarse cierta excep-
ción previa, el acusado reserva su objeción a la resolución
recaída sobre la cuestión de jurisdicción levantada.  Sin
duda la atención de la Corte estuvo fija en la excepción y
quiżá nunca se dió cuenta de la "reserva."  Además, si la
prueba practicada ante el juez que primeramente conoció
del caso no se remitió al trasladarlo y el segundo juez deci-
dió la cuestión sin tener a la vista la prueba ¿cómo y
cuándo llegó dicha prueba que ahora se hace formar parte
de la "exposición," a la Corte que lo decidió finalmente?
La presunción sería que al trasladarse la causa se remitió
todo lo que existía en la corte y por tanto la prueba, la
mayor parte de la cual consistía en documentos.  Esto no
es incompatible con los términos en que aparece redactada
la *reserva,* así:

"Y expone además, el acusado, que formula esta comparecencia
sin renunciar a su objeción y excepción a la resolución de esta
Hon. Corte declarando sin lugar la excepción que a la jurisdicción
del tribunal interpuso, fundándose en los motivos siguientes: por-
que esta Hon. Corte no tenía autoridad para resolver la cuestión
ameritada, sin haber oído al acusado y porque no tuvo lugar vista
alguna ni presentación de evidencia ante este tribunal con prio-
ridad a la resolución mencionada."

El hecho de que no se hubiera celebrado una nueva vista
y de que no se hubiera presentado evidencia en la Corte a
la que se trasladó la causa, no implica necesariamente que
dicha Corte hubiera decidido la cuestión de jurisdicción sin
examinar la prueba que se presentó ante la corte en que
se tramitó la causa originalmente.  Hay una gran diferen-
cia entre lo que parece haber ocurrido examinado a la luz
de este documento redactado por la representación del pro-
pio acusado y lo que se dice que ocurrió en la "exposición
del caso" preparada en la forma que veremos luego.

Si tuviéramos que apreciar por nosotros mismos el resultado de la prueba sobre la cuestión de extradición, ya hemos dicho que llegaríamos a una conclusión contraria a la sostenida por el acusado. En su último análisis estamos conformes con la resolución de la corte de distrito, pero si los hechos hubieran ocurrido como se narran en la "exposición," tendríamos que concluir que el procedimiento seguido había sido erróneo, aunque podría quizá resolverse, atendidas todas las circunstancias concurrentes, que el error cometido no era perjudicial.

Quizá todo lo dicho sea innecesario porque como veremos en seguida no existe ante nosotros una verdadera "exposición" que nos permita conocer en su integridad lo ocurrido en la tramitación de esta causa en la corte de distrito. La "reserva" que aparece en el escrito de excepción previa, no constituye por sí sola prueba de que los hechos ocurrieron como los narra el acusado. Esta circunstancia fué advertida después de haberse preparado y discutido un amplio memorándum en el que se trataban en extenso todas las cuestiones envueltas.

No sin antes llamar la atención hacia el hecho de que el Fiscal que firma la estipulación no fué el mismo que intervino en los procedimientos anteriores al juicio, ni en el juicio mismo, transcribiremos la estipulación y la orden aprobatoria de la "exposición." Copiadas a la letra, dicen:

ESTIPULACIÓN PARA QUE SE APRUEBE LA EXPOSICIÓN DEL CASO

"El Pueblo de Puerto Rico, representado por el Fiscal del Distrito de San Juan, Primer Distrito, y el acusado Enrique Collado, quien comparece por medio de sus abogados Guerra Modragón & Soldevila, mediante la presente hacen constar que han convenido y estipulado lo siguiente:

"Que visto y examinado cuidadosamente por ambas partes el escrito de exposición del caso y excepciones, presentado por el acusado con fecha 3 de mayo de 1922 a los fines de los recursos de apelación entablados contra la resolución u orden denegando la concesión de nuevo juicio solicitada y contra la sentencia proferida

por esta Hon. Corte en el presente proceso, y después de un detenido estudio por ambas de toda la documentación, de los récords taquigráficos y de los autos del caso, encuentran dicho escrito de exposición del caso y excepciones ajustado a la verdad de lo actuado en este procedimiento y prestan su entera conformidad a la aprobación, por el tribunal, del referido escrito.

"Que aceptan formalmente el ameritado documento conteniendo la exposición del caso y excepciones, por constituir una relación fiel, completa, exacta y correcta del presente proceso, desde el momento inicial del mismo hasta la interposición de los recursos de apelación contra la orden denegatoria de nuevo juicio y contra la sentencia condenatoria pronunciada.

"Que ambas partes han acordado someter y por la presente someten a la aprobación de la Hon. Corte, sin adición o modificación alguna, la exposición del caso y excepciones que, para utilizar en los recursos de apelación interpuestos, ha presentado el acusado.

"Que aunque el actual Juez de esta Corte, Hon. Charles E. Foote, no fué quien presidió la sesión del tribunal cuando se celebró el juicio del caso, sí entendió en la solicitud de nuevo juicio formulada por el acusado y es además el que ha sucedido en su cargo al juez anterior Sr. Luis Campillo, el cual está ausente de Puerto Rico desde hace varios meses. Por tanto, las partes expresamente someten a la aprobación del Hon. Charles E. Foote, actual Juez de esta Corte, la referida exposición del caso y excepciones.

"En virtud de la estipulación consignada en la presente, comparecen ambas partes y solicitan del Hon. Charles E. Foote, actual juez de este tribunal, se sirva dictar orden aprobando la exposición del caso y excepciones radicada en este caso y adherir a ésta el correspondiente certificado de aprobación.—San Juan, Puerto Rico, Junio 22, 1922.—Firmado:—Guerra Mondragón & Soldevila, por Ismael Soldevila, abogados del acusado.—Fdo.—Rafael Arrillaga Urrutia, Fiscal del Distrito."

"Isla de Puerto Rico.—Primer Distrito Judicial de San Juan.—En la Corte de Distrito.—El Pueblo de Puerto Rico vs. Enrique Collado.—No. 75.—Falsa representación.—Orden aprobatoria de la Exposición del caso y excepciones.

"Yo, Charles E. Foote, Juez de la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, Primer Distrito.

"CERTIFICO:—Que la exposición del caso y excepciones que antecede fué sometida para su aprobación, mediante estipulación que

se hace formar parte de esta orden, suscrita y presentada por los abogados del acusado y por el fiscal del distrito, la cual exposición del caso y excepciones no pudo someterse a la aprobación del juez anterior de esta corte, ante quien se celebró el juicio de la causa, por haberse presentado y radicado después de haber cesado dicho juez en sus funciones de tal.

"CERTIFICO ADEMÁS:—Que la ameritada exposición del caso y excepciones contiene una relación fiel, completa, correcta y exacta de la presente acción y que la misma comprende toda la prueba documental y testifical aportada al juicio y a las vistas celebradas en este procedimiento.

"Asimismo certifico: Que los recursos de apelación interpuestos por el acusado contra la orden de la corte denegando un nuevo juicio y contra la sentencia dictada han sido perfeccionados dentro del término dispuesto por la ley.

"POR TANTO, ordeno que la referida exposición del caso y excepciones forme parte de la presente causa y pueda utilizarse en la transcripción de autos que se eleve al Hon. Tribunal Supremo a los efectos de los recursos de apelación entablados.

"Y el juez que certifica aprueba en todas sus partes la mencionada exposición del caso y excepciones, vista la absoluta conformidad de ambas partes para que como tal fuera aceptada en la misma forma que consta en autos.

"Pronunciada en Sala, a 26 de junio de 1922.—(Fdo.)—Charles E. Foote, Juez Corte del Primer Distrito de San Juan."

El Juez Foote carecía en absoluto de autoridad para aprobar la transcripción. La estipulación de las partes no podía conferirle tal autoridad. La cuestión no es nueva. Quedó decidida desde 1912 por este Tribunal en el caso de *El Pueblo* v. *Coll,* 18 D.P.R. 361, así:

"De acuerdo con el artículo 298 del Código de Enjuiciamiento Criminal, el juez que preside el juicio, o la Corte Suprema, únicamente tienen jurisdicción para aprobar el pliego de excepciones o la exposición del caso, para los efectos de una apelación. Un juez en propiedad que sustituye al juez que presidió el juicio, carece de jurisdicción para aprobar dichos documentos. Una exposición del caso o pliego de excepciones firmados y aprobados por el juez de distrito que no es el que presidió el juicio carecen de autenticidad y no surten efecto legal alguno en apelación."

"El artículo 65 del Reglamento del Tribunal Supremo fué dictado para casos civiles y en materia criminal rige el artículo 298 del Código de Enjuiciamiento Criminal."

"Careciendo la exposición del caso y pliego de excepciones presentados a los efectos de la apelación interpuesta, de la debida autenticidad por no estar firmados y aprobados dichos documentos por el juez que presidió el juicio, sino por el que le sucedió en el cargo, no puede este tribunal considerar los motivos del recurso fundados en la denegatoria de recusaciones de jurados y en la denegatoria de exclusión del récord de la declaración de un testigo.

"El hecho de que el pliego de excepciones y la exposición del caso hayan sido presentados al Tribunal Supremo, aprobados por un juez que no presidió el juicio, sin impugnación alguna por parte del fiscal y del acusado, no obliga a esta corte a aceptarlos como legales ni a darles un valor de que carecen." *El Pueblo* v. *Coll*, 18 D. P. R. 361.

En el caso de *Scott* v. *State*, 63 S. E. 936, la Corte de Apelaciones de Georgia, se expresó así:

"Scott fue convicto de un delito en la corte superior de Decatur, y en diciembre 28, 1908, el juez Spence, entonces juez de la corte superior del Circuito de Albany, desestimó una moción de nuevo juicio en el caso. En diciembre 31 el término del cargo del juez Spence venció y fue sucedido por el Hon. Frank Park. El acusado presentó al juez Park un pliego de excepciones quejándose de la resolución del juez Spence al desestimar la moción de nuevo juicio y el juez Park firmó y certificó el pliego de excepciones.

"No tenemos jurisdicción para conocer el auto de error. El Código Civil de 1895, artículo 5539, dispone que un pliego de excepciones será presentado 'al juez que presidió en el caso.' No hay disposición estatutoria alguna por la cual algún otro juez pueda certificar el pliego de excepciones. El artículo 5542 dispone que 'si el juez que vió el caso renuncia o por otra causa cesa en su cargo de juez, cuando el pliego de excepciones sea presentado él puede, sin embargo, firmarlo y certificarlo.' Resolvimos en el caso de Wright v. State (No. 1,681, resuelto hoy) 5 Ga. App.—, 63 S. E. 936, que esto es aplicable a casos criminales lo mismo que a casos civiles. Si el juez de cuya sentencia final se apela no pudiera certificar el pliego de excepciones después de vencido el término de su cargo, nadie podría hacerlo, y el acusado que no obtuviera la certificación de su pliego de excepciones antes de vencer

el término del juez quedaría sin remedio alguno; pues la Legislatura nada ha dispuesto para que el sucesor del juez pueda certificar el pliego de excepciones quejándose de decisiones dadas por su antecesor. La inconveniencia de permitir tal procedimiento se demostró claramente cuando durante la presente sesión de esta corte se nos presentó un caso en que el abogado del acusado vino a ocupar el puesto de juez de la corte en que el caso había sido visto y en que él mismo había firmado el certificado estatutorio del pliego de excepciones quejándose de decisiones dadas por su antecesor en el cargo ante quien él, como abogado, había llevado el caso. Los casos de Grace v. Gordon, 113 Ga. 88, 38 S. E. 404, y de Brand v. City of Lawrenceville, 127 Ga. 237, 55 S. E. 967, son autoridad para sostener la proposición de que en el caso especial de autos interlocutorios sumarios el ex-juez no puede certificar, pero no sostienen la proposición de que su sucesor en el cargo puede hacerlo.''

Y en el de *Simmons* v. *State,* 63 S. E. 937, la propia corte dijo:

''El pliego de excepciones debió haber sido certificado por el juez que presidió el juicio en la corte inferior. Su sucesor no tenía facultad para certificar el pliego de excepciones; y consiguientemente el auto de error debe ser desestimado. La decisión está basada en la resolución en el caso de Scott v. State (resuelto hoy) 63 S. E. 936.''

En el estado de Texas se ha establecido igual jurisprudencia. En el caso de *Richardson* v. *State,* 158 S. W. 517, 518, la Corte de Apelaciones criminales, expuso:

''Pero por otra razón no podrían, aún archivados en tiempo, ser considerados. El caso fue visto ante el Hon. J. W. Patterson, juez de la corte de distrito del condado de Parker; los pliegos no están certificados con su firma, ni tampoco está la exposición de los hechos aprobada por él. La primera ley aprobada autorizando la presentación de pliegos de excepciones después de pasado el término de la corte contiene la siguiente disposición: 'Aquellos jueces cuyos términos como tales venzan antes de acabarse el término de la corte en que se vió la causa, o durante los veinte días siguientes al final del término de la corte, pueden aprobar tales exposiciones del caso o pliegos de excepciones.' Nuestras leyes así lo han dispuesto desde que se permitió la presentación de pliegos

de excepciones después de finalizado el término de la corte, y esas disposiciones se han cristalizado en el artículo 2076 de los Estatutos Revisados de 1911, que dice como sigue: 'Cualquier juez de una corte de distrito o de condado cuyo término del cargo venza antes de finalizado el término de dicha corte en que se haya visto una causa, o durante el período prescrito para el archivo de la exposición del caso y pliego de excepciones, o de las conclusiones de hecho y de derecho, podrá aprobar tal exposición del caso y pliego de excepciones, o archivar tales conclusiones de hecho y de derecho en aquellas causas que en este capítulo se prescribe.' Así, se ve que nunca ha sido la intención de nuestras leyes que a alguna persona distinta al juez que presidió el juicio del caso pueda permitírsele aprobar pliegos de excepciones o de exposición del caso. Si tal contingencia pudiera surgir en un caso en que fuera imposible obtener la firma y aprobación del juez sentenciador, como en caso de su fallecimiento, permanente establecimiento fuera de los límites del estado, u otra causa que hiciera imposible obtener su aprobación, una cuestión distinta pudiera presentarse. Nada de esta índole aparece de los autos.''

En el de *Porter* v. *State,* 160 S. W. 1194, 1195, la propia corte decidió:

''La supuesta exposición del caso fue archivada en la corte inferior en 26 de abril de 1913. No fue aprobada por el juez Miller, pero aparece aprobada por el juez Crawford. En estas circunstancias, como lo demuestran estos autos, el Assistant Attorney General hizo una moción para eliminar dicho pliego de excepciones y exposición del caso. Esta cuestión ha sido ya antes considerada cuidadosamente por esta corte en el caso de Richardson v. State, 158 S. W. 517, en el que esta corte, después de citar los estatutos, sostuvo que sólo el juez de la corte en que se vió el caso, y ante quien tuvieron lugar dichos procedimientos, podía aprobar pliegos de excepciones y exposiciones del caso, y que su sucesor no podía hacerlo. Estamos perfectamente de acuerdo con la resolución y opinión en dicho caso, y de conformidad con la misma y con los estatutos nos vemos obligados a declarar como declaramos con lugar la moción del Assistant Attorney General, y por consiguiente a eliminar dicho pliego de excepciones y exposición del caso.''

Y en el de *Allen* v. *State,* 162 S. W. 868, ratificó su doctrina, así:

"El caso fue visto en la corte inferior y los procedimientos tuvieron lugar ante el juez Barry Miller en época en que era juez de aquella corte. Existe en los autos lo que aparenta ser una exposición del caso y pliego de excepciones, aprobada mucho después por el juez Crawford, su sucesor, en vez de por él. Las circunstancias de este caso son precisamente las mismas que en el caso de Will Porter v. State, 160 S. W. 1194, del condado de Dallas, resuelto recientemente pero aún no publicado oficialmente. A moción del Assistant Attorney General, y por la autoridad de ese caso y el de Richardson v. State, 158, S. W. 517, así como del estatuto, la dicha exposición del caso y pliego de excepciones es eliminada de los autos y no puede ser considerada. Sin ella no existe cuestión alguna levantada que pueda ser objeto de revisión."

La ley en Puerto Rico es más completa que la que sirvió de base a las cortes de Texas y Georgia para establecer la anterior jurisprudencia. Nuestro estatuto no sólo contiene prescripciones semejantes, sino que además fija como medio supletorio el de acudir a la Corte Suprema para aprobar el pliego de excepciones.

Es necesario reconocer que existen jurisdicciones en que el sucesor en el cargo puede válidamente aprobar el pliego o exposición. Véase 17 C. J. 144, pero en esta Isla, como se consigna en el propio 17 C. J. 144, "el pliego de excepciones" y por consiguiente la exposición del caso, "pueden sólo firmarse y aprobarse por el juez que intervino en el juicio o por la Corte Suprema," citando el caso de *Coll, supra*. Un examen de la propia exposición aquí archivada demuestra lo acertado de la norma establecida.

Bajo cualquier aspecto que se considere, pues, este caso, *la única resolución procedente es la de declarar sin lugar el recurso, quedando confirmada la sentencia recurrida.*

El Juez Asociado Señor Hutchison disintió.

El Juez Asociado Señor Franco Soto firmó: "Conforme con la sentencia por cuanto técnicamente no existe exposición del caso. Si, no obstante, pudiéramos considerar sus méritos, opino que el caso·debe ser devuelto para un nuevo juicio."