SUGGS *v.* SUGGS.

No. 14620.   SEPTEMBER 9, 1943.

H. W. McLarty, for plaintiff in error.

Homer C. Denton, contra.

ATKINSON, J. This case was tried before Judge Bond Almand, and he overruled a motion for new trial. Subsequently, by reason of a contest over the judgeship and not on account of death, Judge Almand was succeeded by Judge Frank A. Hooper Jr., who, after assuming office, certified the bill of exceptions. The overruling of the motion for new trial was the error alleged in the bill of exceptions. The defendant in error moved to dismiss the writ of error.

The Code declares: "The bill of exceptions shall be tendered to the judge who presided in the cause." § 6-902. "If the judge trying the cause shall resign, or otherwise cease to hold his office as judge, when the bill of exceptions shall be tendered, he may nevertheless sign and certify." § 6-906. This section also makes provision for having the bill of exceptions certified where the trial judge dies. There is no statutory provision whereby any judge, other than the one trying the cause, may verify an ordinary final bill of exceptions. Scott v. State, 5 Ga. App. 812 (63 S. E. 936); Wright v. State, 5 Ga. App. 813 (63 S. E. 936); Luke v. Gilley, 23 Ga. App. 667 (99 S. E. 135); Ownby v. Barwick, 177 Ga. 878 (171 S. E. 567). Where one judge has tried the case and overruled a motion for new trial, his successor in office has no power to sign and certify a bill of exceptions to review that judgment. This court is without jurisdiction to pass upon the correctness of any decision of a judge of the superior court, who is neither dead nor laboring under some legal disability, which decision has not been authenticated or verified by the certificate of the judge whose rulings it is sought to review.

Writ of error dismissed. All the Justices concur.