34448.   JETT *v.* JONES *et al.*

DECIDED FEBRUARY 3, 1953.

*D. B. Phillips*, for plaintiff in error.

*Miller & Head, Jessee & Wright, Carl T. Hudgins*, contra.

GARDNER, P. J. "Bills of exceptions shall be tendered to the judge who presided in the cause within 20 days from the

date of the decision complained of." Code, § 6-902 as amended by Ga. L. 1946, pp. 726, 734 (Publisher's Pocket Supp. to Code of 1933, § 6-902). Where the judge who rendered the order is in life, he shall certify to such bill of exceptions, and it must be presented to him for approval and certification. If he is not in life, or is absent or refuses to sign the bill, the provisions of Code § 6-906 govern.

The provisions of the foregoing section are not applicable here. "This court is without jurisdiction to pass upon the correctness of any decision of a judge of the superior court which has not been authenticated or verified by the certificate of the judge whose rulings are complained of." *Kennedy* v. *Ayers*, 164 *Ga*. 277 (138 S. E. 155); *Ownby* v. *Barwick*, 177 *Ga*. 878 (171 S. E. 567). The bill of exceptions must be presented to the judge who presided in the case and rendered the judgment of which complaint is made, who then shall certify the same, upon compliance by the plaintiff in error with the law relative thereto. This is true even though the judge who heard the cause and passed the judgment has gone out of office and another taken his place. In such instance his successor has no authority to sign the bill of exceptions, but the same must be presented to and certified by the judge who heard the case and passed the judgment. *Wright* v. *State*, 5 *Ga. App*. 813 (63 S. E. 936); *Luke* v. *Gilley*, 23 *Ga. App*. 667 (99 S. E. 135). This court will take judicial notice of the fact that, at the time this case was tried and at the time the bill of exceptions was presented, Judge Frank Guess was in life and laboring under no disabilities. The record so shows. In a case like the present, where there are two or more judges presiding in a superior-court circuit, and where demurrers to a petition are heard and judgment is rendered by one of the judges, the bill of exceptions assigning error on such judgment must, in order to give this court jurisdiction, be presented to and certified to us by the judge who rendered the judgment sought to be reviewed; and if the bill of exceptions is presented to and certified by one of the other judges of such superior court, who did not preside in said cause, this court is without jurisdiction to pass upon the correctness of such order or judgment, and the bill of exceptions to this court must be dismissed. Code, § 6-902, as amended 1946,

supra; *Suggs* v. *Suggs*, 196 *Ga.* 505 (26 S. E. 2d, 886) and cit. *Scott* v. *State*, 5 *Ga. App.* 812 (63 S. E. 936).

The motion filed by the plaintiff in error in an effort to validate the bill of exceptions is insufficient as a matter of law to accomplish this purpose.

The motion to dismiss the plaintiff in error's bill of exceptions is sustained.

*Writ of error dismissed. Townsend and Carlisle, JJ., concur.*