36522. ALTMAN *v.* SPAHOS.

36523. KUHR BROTHERS, INC. *v.* SPAHOS.

DECIDED MARCH 22, 1957—REHEARING DENIED IN CASE No. 36523
MARCH 29, 1957—REHEARING DENIED IN CASE No. 36522
MARCH 30, 1957.

*Harry Silverman,* for Altman.

*Lewis, Wylly & Javetz, John C. Wylly,* for Kuhr Brothers, Inc.

*Oliver, Davis & Maner, Edwin Maner, Jr.,* for Spahos.

NICHOLS, J. Code (Ann. Supp.) § 6-902 provides in part: "Bills of exception shall be tendered to the judge *who presided in the cause* within 30 days from the date of the decision complained of." (Italics ours). And Code § 6-906 provides the procedure for having a bill of exceptions certified when the judge who heard the cause is absent from his home or is otherwise unable to certify such bill of exceptions. In *Ballard* v. *Zachry,* 54 *Ga. App.* 101, 102 (3) (187 S. E. 139), it was said that the judge who rendered the judgment complained of should certify the bill of exceptions unless the judge is dead. In the present case Judge Dunbar Harrison rendered the judgment complained of, to wit: the judgment denying the plaintiffs in error a new trial, and although Judge McWhorter presided in the trial before the jury, and although he rendered the judgments complained of *in the motion for new trial,* he did not render the judgments *complained of in the bill of exceptions* and was without authority to certify the bill of exceptions so as to give jurisdiction of the writ of error to this court. See *Jett* v. *Jones,* 87 *Ga. App.* 531 (74 S. E. 2d 483), and cases cited. See also *Suggs* v. *Suggs,* 196

*Ga.* 505 (26 S. E. 2d 886). Since this court is without jurisdiction of the writs of error, they must be dismissed.

*Writs of error dismissed in both cases. Felton, C. J., and Quillian, J.,* concur.