36588. DAY *v.* HARPER *et al.*

NICHOLS, J. The writ of error in the present case was certified by Judge Land, Judge of the City Court of Columbus, on January 2, 1957. The case was tried before Judge Calhoun, Judge of the City Court of Columbus, and the motion for new trial was denied by him on December 7, 1956. Before the writ of error was tendered to Judge Land for certification, Judge Calhoun resigned in order to assume the position of Judge of the Superior Court of Muscogee County. *Held:*

1. "Where a judge presides at the trial of a case and subsequently passes an order overruling a motion for new trial, and, though neither dead nor laboring under any legal disability, he is succeeded by another as judge, the judge whose rulings it is sought to review, though he has ceased to be judge, is the only one who has authority to certify a bill of exceptions alleging error in overruling the motion for new trial. Where, under circumstances as just related, the successor to the judge who overruled the motion for new trial certified the bill of exceptions, this court is without jurisdiction to pass upon the errors alleged to have been committed." *Suggs* v. *Suggs,* 196 *Ga.* 505 (26 S. E. 2d 886).
2. Where this court is without jurisdiction of the writ of error it has no authority to pass upon any assignment of error therein and it must be

*Dismissed. Felton, C. J., and Quillian, J., concur.*

DECIDED APRIL 2, 1957—REHEARING DENIED APRIL 23, 1957.

*Hatcher, Smith & Stubbs,* for plaintiff in error.
*Swift, Pease, Davidson & Chapman, Young & Hollis,* contra.